# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

MANUEL LOA PERRUSQUIA,      )
     )
         Petitioner,      )
     )
v.      )      Case No. 6:26-CV-03144-BCW
     )
TODD LYONS, in his official capacity      )
as Field Office Director of the Immigration    )
and Customs Enforcement and Removal      )
Operations Kansas City Field Office, et al.,    )
     )
         Respondents.      )

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner's Petition for Writ of Habeas Corpus by a Person in [Immigration and Customs Enforcement] Custody. (Doc. #1). The Court, being duly advised of the premises, and in consideration of the Petition (Doc. #1), "Response of the Federal Government Respondents to Court's Order to Show Cause" (Doc. #4), and Petitioner's Reply (Doc. #5),[1] grants said Petition for Writ of Habeas Corpus as follows.

## BACKGROUND

On March 10, 2026, Petitioner Manuel Loa Perrusquia, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging five claims designated by Petitioner as follows: (I) "Denial of Custody Review and Bond Determination in Violation of 8 U.S.C. § 1226(a)"; (II) "Due Process Violation (Fifth Amendment)"; (III) "Ancillary Equitable Relief";

---

[1] Respondent Jim Arnott in his official capacity as Sherriff of Greene County, Missouri also filed a response to the Order to Show Cause. (Doc. #6). The Sheriff acknowledges Petitioner is held in the jail over which the Sheriff acts as legal custodian, by way of ICE placement. The Sheriff further states his intent to follow the Court's Orders in this matter and "would be happy to assist the Court as directed and the parties as requested, but . . . is not aware of a need for further action by this Respondent at this time." (Doc. #6 at 2).

1

(IV) "Irreparable Harm, Balance of Equities, and Public Interest"; and (V) "Violation of 8 C.F.R. § 1003.19." (Doc. #1).

Petitioner seeks a writ of habeas corpus for immediate relief from custody, as well as injunctive relief and a stay of removal or relocation proceedings pending resolution of his petition, and attorneys' fees, against the following Respondents: (1) Todd Lyons, in his official capacity as Field Office Director of the Immigration and Customs Enforcement and Removal Operations Kansas City Field Office, who has legal custody of Petitioner; (2) Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"); (3) Pam Bondi, Attorney General of the United States in her official capacity; and (4) Jim C. Arnott, the Sheriff of Greene County, Missouri, in his official capacity as the official who oversees the Greene County Jail where Petitioner is held. (Doc. #1).

Petitioner, A[lien Registration] Number 221-454-172, is a citizen and national of Mexico who has continuously resided in the United States since 2005. Petitioner owns a small construction business and is the sole custodian of two minor children, with whom he lives in Branson, Missouri.

In the roughly 20 years since Petitioner has lived in the United States, he has been convicted four times of driving without a license in Missouri, along with plate violations and other infractions. On January 26, 2026, Petitioner was arrested in Taney County "due to his first DWI misdemeanor B charge." (Doc. #1 at 6). Petitioner was also charged with driving without a license, failure to secure his car's front plate, and operating a motor vehicle without maintaining financial responsibility. (Doc. #1).

On January 29, 2026, ICE issued a Warrant for Arrest of Alien, served on Petitioner on February 4, 2026, at which time Petitioner was transferred into ICE custody.

2

On February 26, 2026, Petitioner filed form [Executive Office for Immigration]-42B, Cancellation of Removal for Nonlegal Permanent Residents, asserting substantial harm to his minor children should he be ordered removed from the United States.

On March 4, 2026, Petitioner filed a Motion for Bond Redetermination ("the bond motion") with the Kansas City Immigration Court. As of March 10, 2026, the EOIR filing system did not reflect that the bond motion had "been accepted." (Doc. #1 at 7). Petitioner's counsel inquired, and was informed that by the EOIR that "bonds will be scheduled with the merit date." (Doc. #1-2 at 1). Petitioner's merits hearing is scheduled to occur on April 9, 2026 before an Immigration Judge in Fort Worth, Texas. (Doc. #1 at 7).

Petitioner alleges "[t]here is no legal authority to assign the bond matter to the Texas Immigration Judge when all three Kansas City Immigration Judges remain available. Nor is there any authority to simply refuse to schedule a bond hearing until the case is all the way over anyway. These actions violate the agency's regulations and the Petitioner's right to due process." (Doc. #1 at 7).

**LEGAL STANDARD**

A person detained by the government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); 28 U.S.C. § 2241. The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence." Freeman v. Pullen, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (quoting McDonald v. Feeley, 535 F. Supp. 3d. 1238, 1235 (W.D.N.Y. 2021) (cleaned up)).

**ANALYSIS**

Petitioner seeks habeas relief under 28 U.S.C. § 2241, or in the alternative injunctive relief, against his continued unlawful detention without a bond hearing, asserting five claims for relief. In Count I, Petitioner asserts Respondents' violation of 8 U.S.C. § 1226(a), which provides for a bond hearing based on Petitioner's discretionary detention. In Count II, Petitioner asserts violation of his procedural and substantive due process rights under the Fifth Amendment. In Counts III and IV, Petitioner seeks equitable relief, including injunctive relief against Respondents' relocation to another district and/or a preliminary injunction against continued unlawful detention. Finally, in Count V, Petitioner asserts Respondents' violation of 8 C.F.R. § 1003.19(c)(1), (c)(2), and (d). (Doc. #1).

In opposition, Respondents assert Petitioner is mandatorily detained under 8 U.S.C. § 1225(b), even if Petitioner is discretionarily detained under 8 U.S.C. § 1226(a), no bond hearing is required, and even if a bond hearing is required, § 1226(e) limits judicial review of the Attorney General's discretionary judgment over the timing of any bond hearing to which Petitioner might be entitled. (Doc. #4).

The issue is whether Petitioner demonstrates a right to habeas corpus relief under § 2241 based on Respondents' deferral of Petitioner's bond hearing to the same day as Petitioner's merit's hearing.

Based on previous Orders of this Court, none of Respondents' arguments against habeas relief are availing under the circumstances presented by Petitioner here.

First, notwithstanding Respondents' assertion, Petitioner is discretionarily detained under § 1226(a). This determination is consistent with previous Orders of this Court and the majority

4

view among district courts in the Eighth Circuit to consider the issue.[2] Escoto v. Arnott, No. 6:25-CV-03364-BCW, Doc. #6 (W.D. Mo. Dec. 17, 2025); Hernandez-Cueva v. Olson, No. 4:25-cv-00830-BP, (W.D. Mo. Nov. 5, 2025); Mairena-Munguia v. Arnott, No. 6:25-cv-3318-MDH, 2025 WL 3229132, at *2-*3 (W.D. Mo. Nov. 19, 2025); Singh v. Bondi, No. 6:26-CV-03096-RK, 2026 WL 637418, at *1 n.2 (W.D. Mo. Mar. 3, 2026) (collecting cases).

Second, consistent with previous rulings of this Court, because Petitioner is discretionarily detained under § 1226(a), he has a right to a bond hearing. Rodriguez Torres v. Lyons, No. 6:26-CV-00138-BCW, Doc. #9 (W.D. Mo. Feb. 27, 2026); Singh, 2026 WL 637418, at *2. Moreover, this conclusion is not inconsistent with Respondents' citation to Rodriguez v. Noem, -- F. Supp. 3d --, 2025 WL 3639440, at *2 (E.D. Tex. Dec. 10, 2025), which acknowledges that detainees may "request amelioration of the conditions under which he or she may be released[,]" after "an initial custody determination by the district director, including the setting of bond . . . ." 8 C.F.R. § 236.1(d)(1).

Third, while § 1226(e) limits judicial review of the Attorney General's discretionary judgment over decisions relating to the propriety of bond, Petitioner seeks relief under § 2241. Under the circumstances presented here, Petitioner is not seeking judicial review of the Attorney General's decision of whether to grant or deny bond; rather, Petitioner seeks relief from the decision to defer Petitioner's bond hearing to the same day as the merits hearing. Demore v. Kim, 538 U.S. 510, 517 (2003) (congressional intent to preclude judicial review "must be clear," and to preclude habeas review must be "particularly clear").

---

[2] The Court of Appeals for the Eighth Circuit has not yet decided this issue but heard oral argument on February 19, 2026 in Avila v. Bondi, No. 25-3248, which raised the legal question of the statute applicable to the habeas petitioner's detention.

5

The Court thus turns to the merits of Petitioner's arguments. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(2)). Here, ICE issued an arrest warrant at the end of January 2026, and Petitioner was transferred into ICE custody on February 4, 2026. On March 4, 2026, Petitioner filed a motion for bond, which is scheduled for consideration by an Immigration Judge on April 9, 2026, the same day as the merits hearing relating to Petitioner's removal.

Respondents argue Petitioner is postured differently from other alien detainees seeking habeas relief in recent months, because Petitioner has been granted a bond hearing. Indeed, there is no dispute Petitioner's bond hearing is scheduled for April 9, 2026, just over a month from the date of Petitioner filed his motion for bond and just a few weeks from the date of this Order.

However, a bond hearing date on April 9 is not "at the outset of [Petitioner's] detention", as required under § 1226(a). Jennings, 583 U.S. at 306. Rather, as of the date of this Order, Petitioner has been in ICE custody for approximately six weeks. Because Respondents failed to provide Petitioner with a bond hearing at the outset of his detention under § 1226(a), the Court grants relief under § 2241. Accordingly, it is hereby

ORDERED Petitioner's Petition for Writ of Habeas Corpus by a Person in ICE Custody (Doc. #1) is GRANTED. Respondents are ORDERED to either release Petitioner or grant him a bond hearing **within seven (7) days of the date of this Order**. It is further

ORDERED Petitioner shall not be transferred outside of this District prior to compliance with this Order. It is further

ORDERED Petitioner's request for attorneys' fees is GRANTED. Within 10 days of the date of this Order, counsel shall file a separate and independent motion for attorneys' fees,

accompanied by detailed billing records supporting a reasonable fee request for time reasonably expended in preparation of the habeas corpus petition.

IT IS SO ORDERED.


Date: <u>March 23, 2026</u>                                    <u>/s/ Brian C. Wimes</u>
                                                              BRIAN C. WIMES, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT

7